————————o————————

## No. 6888.

## WM. J. PFEFFERLE, ET AL., v. STATE OF LOUISIANA.

### Syllabus.

The constitutional presumption that every tax sale is *prima facie* valid, and hence was preceded by notice to the delinquent tax debtor, can be rebutted only by direct and positive evidence to the contrary.

Appeal from the Civil District Court, Parish of Orleans, No. 111,955, Division "A"; Honorable T. C. W. Ellis, Judge. Reversed.

W. A. Bahuss, for plaintiff and appellee.

H. P. Sneed, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an action to annul a tax sale, on the ground that no notice of delinquency was served upon the tax debtor as required by law.

211

Now, the Constitution declares that all tax sales shall be *prima facie* valid, and hence the burden of proof lies upon those claiming the invalidity of a tax title to show wherein the essentials of a valid sale are lacking.

The presumption, therefore, is that every tax sale was preceded by notice to the delinquent, and this presumption can be rebutted only by direct and positive evidence to the contrary.

But in the case before us there is no such direct and positive evidence. The only evidence bearing on that point being the evidence of a daughter of the tax payer (now deceased), that her father never told her that he had received any such notice, and she thinks he would have told her had he received one.

Of course, this is without value as evidence; especially when we find that at the time of the tax sale, fifteen years before his decease, the father was in good health and attending to his own business; and that he regularly neglected to pay his taxes from that time until the time of his death.

Nor does it signify that at this time there are no records in the Tax Collector's office showing when, how, and by whom such notice had been served; since no law requires the Tax Collector to keep such records, and his failure to keep them cannot prejudice the purchaser at such tax sale. Indeed the only need of such a record is to meet a condition not found here; that is to rebut the direct testimony of the one on whom the notice should be served, should he deny such service. 8 Ct. of App., 151; 3 Ct. of App., 32; 1 *Ct. of App.*, 80.

We are therefore of opinion that the evidence herein adduced is not of such direct and positive character as to overcome the presumption established by the Constitution.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the demand of the plaintiffs be rejected at their costs in both Courts.

Opinion and decree, November 6th, 1916.

## PER CURIAM.

### ON APPLICATION FOR REHEARING.

In our opinion we erroneously stated that there was no law requiring the Tax Collector to keep a record of when, how and by whom notices of delinquency were served.

This was error (Sec. 51 of Act 170 of 1898).

But it has no effect in this case. In the first place there is no evidence that such records were not kept, but merely that they are not now in existence, and that no such records were turned over to the present Tax Collector. So that the presumption *"Omnia Rite Acta"* applies.

In the next place, the failure to keep such records, even if such be the case, cannot overcome the constitutional presumption as to the validity of a tax sale; since, as we said in our original opinion, the only need of such record is to rebut any direct evidence that no notice was served. And in this case there is not a scintilla of direct evidence that no notice was served, plaintiff herein producing nothing but the mere opinion and belief of a witness.

Rehearing refused.

Opinion and decree, December 4th, 1916.